IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE OWENS, # R-02021,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| vs.      ) | Case No. 13-cv-1331-MJR |
| ) | |
| C/O FISHER, C/O JCH,      ) | |
| and MARK HODGE,      ) | |
| ) | |
| Defendants.      ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is serving a 25-year sentence for murder. In the complaint, Plaintiff claims that his denim jacket was unlawfully confiscated and destroyed following his transfer to Lawrence. He now sues three Lawrence officials, including Defendants Hodge (warden), Fisher (correctional officer), and Jch (correctional officer), for monetary damages, declaratory judgment, and injunctive relief (Doc. 1, p. 7).

**The Complaint**

According to the complaint, Plaintiff purchased a denim jacket from Hill Correctional Center ("Hill") in 2006 (Doc. 1, p. 5). He was allowed to wear the jacket at Hill, a medium security facility, and later at Menard, a maximum security facility. Following his transfer to Lawrence, a medium security prison, in April 2012, Defendant Fisher informed Plaintiff that he would not be allowed access to his denim jacket or television, which broke in route to Lawrence.

In response, Plaintiff went on a hunger strike that lasted five days (Doc. 1, p. 6). On April 10, 2012, Defendant Hodge spoke with Plaintiff at length and agreed to provide Plaintiff with a replacement television. However, he would not agree to return the denim jacket. The jacket was allegedly destroyed. Much to Plaintiff's chagrin in November 2012, a large number of "similarly situated" inmates at Lawrence received denim jackets identical to his.

Plaintiff now sues Defendants Hodge, Fisher, and Jch for illegal seizure of property, denial of due process and equal protection of the law, and discrimination (Doc. 1, p. 7). Among other things, Plaintiff seeks $8,000.00 in compensatory damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so

sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). After fully considering the allegations in the complaint, the Court deems it appropriate to exercise its authority under § 1915A(b) and summarily dismiss the complaint.

**Discussion**

The only constitutional right that might be implicated by the facts outlined in the complaint is Plaintiff's right, under the Fourteenth Amendment (**Count 1**), to be free from deprivations of his property by state actors without due process of law. The complaint characterizes this claim as the "illegal seizure of property" under the Fourth Amendment and "denial of [Plaintiff's] due process rights" under the Fourteenth Amendment (Doc. 1, p. 7). In any event, to state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law.* If the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Accordingly, Plaintiff cannot maintain a civil rights claim in this Court for the deprivation of his denim jacket, and Count 1 shall be dismissed with prejudice.

The complaint also fails to state a Fourteenth Amendment equal protection claim (**Count 2**) against Defendants. According to the complaint, Lawrence officials discriminated against Plaintiff by confiscating his denim jacket when he was allowed to possess it at other

"similar[ly] situated" prisons, such as Hill (a medium security facility) and even Menard (a maximum security facility). Other "similarly situated" inmates at Lawrence were issued denim jackets in November 2012 (Doc. 1, p. 7). Because Defendants provided Plaintiff with no legitimate penological reason for taking his jacket, the complaint concludes that Plaintiff was "intentionally discriminated against and prejudiced, without provocation" (Doc. 1, p. 7).

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango*, 681 F.2d at 1104). The complaint does not allege that Plaintiff was part of a protected class or that he was singled out for disparate treatment because of his membership in that class. For purposes of the equal protection clause, prisoners (not to mention prisoners at particular prisons) do not represent a constitutionally protected class. Therefore, the fact that Hill inmates were allowed to possess jackets while Lawrence inmates were not provides no basis for an equal protection claim.

Further, the complaint fails to state a class-of-one equal protection claim. To state a claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Swanson v. Chetek*, 719 F.3d 780, 784-85 (7th Cir 2013) (quoting *Vill. of Willowbrook v. Olech,* 528 U.S.

562, 564 (2000)). The Seventh Circuit explained class-of-one equal protection claims as follows:

> The classic class-of-one claim is illustrated when a public official, "with no conceivable basis for his action other than spite or some other improper motive ... comes down hard on a hapless private citizen." *Lauth v. McCollum,* 424 F.3d 631, 633 (7th Cir. 2005). This improper motive is usually covert, so courts first look to eliminate all proper motives. If there was no rational basis for the treatment of the plaintiff, then the motives must be irrational and improper. *See Vill. of Willowbrook,* 528 U.S. at 564–65. To achieve clarity, courts look to the treatment of similarly situated individuals: if all principal characteristics of the two individuals are the same, and one received more favorable treatment, this may show there was no proper motivation for the disparate treatment.

*Swanson v. Chetek*, 719 F.3d at 783. The complaint fails to satisfy the requirements of a class-of-one equal protection claim. Even assuming that a denim jacket could give rise to such a claim--an assumption that this Court is reluctant to entertain even in this hypothetical--the complaint must suggest that Plaintiff is similarly situated to those Lawrence inmates who received a denim jacket in November 2012. Beyond a blanket assertion to this effect, the complaint includes no allegations suggesting that the inmates were similarly situated to Plaintiff. Under the pleading standards set forth in *Twombly,* an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 590 U.S. at 570. Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581. Plaintiff's mere recitation of the elements of this cause of action, without supporting facts, is not enough to state a class-of-one claim. Further, the fact that Lawrence officials did not provide Plaintiff with what he considered to be adequate penological reasons for confiscating the jacket and/or distributing jackets to other inmates does not suggest that no rational reason existed. Accordingly, the equal protection claim fails, and Count 2 shall be dismissed against Defendants with prejudice.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467.  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 21, 2014**

s/ MICHAEL J. REAGAN<br>United States District Judge

---

[1] Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) has not yet been decided.  Should the motion be denied, the filing fee will be $400.00 instead of $350.00.